**RESPONSE DEADLINE: January 5, 2017 at 5:00 p.m. (Eastern Time)**
**PRESENTMENT DATE AND TIME:  January 12, 2017 at 12:00 Noon (Eastern Time)**

| | |
|---|---|
| KING & SPALDING LLP | KENNEDY, JENNIK & MURRAY PC |
| 1185 Avenue of the Americas | 113 University Place |
| New York, New York 10036 | New York, New York 10003 |
| Telephone:  (212) 556-2100 | Telephone: (212) 359-1500 |
| Arthur Steinberg, Esq. | Thomas M. Kennedy, Esq. |
| Scott Davidson, Esq. | |

*Attorneys for Defendant, General Motors LLC*   *Attorneys for Plaintiffs*
*(f/k/a General Motors Co.)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                                          :    Chapter 11
                                                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,     :    Case No.: 09-50026 (MG)
            f/k/a General Motors Corp., *et al*.       :
                                                                                     :    (Jointly Administered)
                    Debtors.                                          :
---------------------------------------------------------------x
IUE-CWA, INDUSTRIAL DIVISION OF THE       :
COMMUNICATION WORKERS OF AMERICA, :
AFL-CIO and LARRY E. SHORT, LESLIE CASH,:
and GARY ROBINSON on behalf of themselves, :
and all others similarly situated,                         :    Adv. Proc. No.: 15-01389 (MG)
                                                                                     :
                    Plaintiffs,                                       :
                                                                                     :
    -v-                                                                         :
                                                                                     :
GENERAL MOTORS CO.,                                      :
                                                                                     :
                    Defendant.                                      :
---------------------------------------------------------------x

**JOINT MOTION FOR AN ORDER APPROVING A SETTLEMENT AMONG
GENERAL MOTORS CO., THE PLAINTIFFS, AND OTHER SPLINTER UNIONS**

General Motors LLC (f/k/a General Motors Company) ("**New GM**"), and IUE CWA, Industrial Division of the Communication Workers of America, AFL-CIO ("**IUE-CWA**") by their undersigned counsel, hereby file this joint motion ("**Joint Motion**") for an order ("**Approval Order**"),[1] pursuant to Sections 105 and 1114(g) of the Bankruptcy Code approving a settlement, the terms and conditions of which are set forth in the Settlement Agreement ("**2016 Settlement Agreement**") attached hereto as **Exhibit "A."** The parties to the 2016 Settlement Agreement are New GM, IUE_CWA and the Individual Plaintiffs, Larry E. Short, Leslie Cash and Gary Robinson in the above-captioned Adversary Proceeding, Adv. Proc. No. 15-01389 ("**Adversary Proceeding**"), and the other Splinter Unions who executed a Joinder[2] to the 2016 Settlement Agreement. In support of this Joint Motion, New GM and IUE-CWA respectfully represent as follows:

## PRELIMINARY STATEMENT

1. This Adversary Proceeding was commenced by Plaintiffs against New GM to enforce the terms of a settlement agreement ("**2009 Agreement**") between New GM, the Splinter Unions and Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**"). The 2009 Agreement, which was approved by the Bankruptcy Court in November 2009, concerned, among other things, retiree health care benefits for pre-65 former employees of Old GM. The Bankruptcy Court retained jurisdiction to resolve disputes relating to the 2009 Agreement.

2. After extensive settlement negotiations, the Parties negotiated in good faith a resolution as to all disputes raised in the Adversary Proceeding. Among other things, pursuant to the 2016 Settlement Agreement, the parties agreed to (a) a prospective improvement to the pre-

---

[1]  A form of the Approval Order is attached hereto as **Exhibit "B."**

[2]  Terms used herein and not otherwise defined shall have the meanings ascribed to them in the 2016 Settlement Agreement. The persons/entities that have agreed to be bound by the 2016 Settlement Agreement are collectively referred to herein as the "**Parties**."

1

65 retiree health care benefits under the 2009 Agreement, commencing January 1, 2017 and (b) to accept New GM's interpretation of the 2009 Agreement that the term Aggregate Net Present Value ("**ANPV**") in the 2009 Agreement referred to a maximum spend and not a mandatory spend obligation of New GM.

3. For the reasons set forth below, New GM and IUE-CWA, on behalf of the Parties, respectfully request that the Court approve the 2016 Settlement Agreement.

### BACKGROUND AND RELEVANT PROCEDURAL HISTORY

4. On or about September 3, 2009, New GM, Old GM, IUE-CWA and other Splinter Unions entered into the 2009 Agreement, pursuant to which, among other things, New GM agreed to provide health care benefits to certain eligible pre-65 retirees represented by IUE-CWA and other Splinter Unions.

5. In 2015, a dispute arose between New GM and IUE-CWA regarding certain provisions of the 2009 Agreement relating to health care benefits for eligible pre-65 retirees. On October 30, 2015, Plaintiffs commenced the Adversary Proceeding against New GM. Old GM is not a party to the Adversary Proceeding. The first cause of action in Plaintiffs' complaint concerned the enforcement of the 2009 Agreement relating to the ANPV provision. The remaining causes of action were ERISA-type claims brought on behalf of the Individual Plaintiffs.

6. Shortly after the commencement of the Adversary Proceeding, Plaintiffs and New GM agreed to bifurcate the claims asserted against New GM. The first issue to be addressed was whether the ANPV provided for a maximum spend or a mandatory spend obligation on New GM ("**Threshold Issue**"). Thereafter, New GM filed a motion to dismiss the claim related to the Threshold Issue, and the IUE-CWA cross-moved for summary judgment on the Threshold Issue

2

(collectively, the "**Dispositive Motions**"). A hearing was held by this Court on the Dispositive Motions on September 13, 2016 ("**September Hearing**"), and the Court reserved decision.

7.  After the September Hearing, but before any decision was made by the Court with respect to the Dispositive Motions, the Parties entered into good faith settlement discussions to resolve all issues related to the Adversary Proceeding and, in general, all disputes relating to New GM's obligation under the 2009 Agreement to provide health care benefits to eligible pre-65 retirees. The settlement discussions were successful and the Parties have agreed to avoid further costs and risks of litigation by conclusively resolving all of their disputes pursuant to the terms set forth in the 2016 Settlement Agreement.

## OVERVIEW OF THE 2016 SETTLEMENT AGREEMENT

8.  The principal terms of the 2016 Settlement Agreement are as follows:[3]

- Unless otherwise expressly provided in the 2016 Settlement Agreement, the terms of the 2009 Agreement shall remain unmodified and in full force and effect.

- Certain provisions of the 2009 Agreement will be deemed amended, for the period commencing January 1, 2017 and thereafter, in order to provide substantially improved health care benefits to certain eligible pre-65 retirees.

- The Parties agree to New GM's interpretation of the 2009 Agreement regarding the Threshold Issue and that the Bankruptcy Court should enter judgment that the ANPV is a maximum spend and not a mandatory spend obligation upon New GM.

- Substantially all of the Splinter Unions that signed the 2009 Agreement must agree to the 2016 Settlement Agreement.

- Plaintiffs and the Splinter Unions signing the Joinder are providing a release and covenant not to sue New GM.

- New GM will reimburse counsel for Plaintiffs for its reasonable attorneys' fees incurred in connection with the Adversary Proceeding and the 2016 Settlement Agreement, up to a maximum amount, of $500,000.

---

[3] To the extent of any conflict between this summary and the 2016 Settlement Agreement, the terms of the 2016 Settlement Agreement shall control.

3

**BASIS FOR RELIEF REQUESTED**

9. The Bankruptcy Court retained jurisdiction to resolve any disputes regarding the enforcement, implementation, application or interpretation of the 2009 Agreement. *See Order Pursuant To Sections 363(b) And 105 Of The Bankruptcy Code And Bankruptcy Rule 9019(a) Approving Settlement Agreement With Certain Labor Unions*, entered by the Bankruptcy Court on November 12, 2009 [Dkt. No. 4433]; *see also* 2009 Agreement, ¶ 14. In addition, the Bankruptcy Court has jurisdiction to interpret and enforce its prior orders. *See, e.g.*, *In re Motors Liquidation Co.*, 541 B.R. 377, 381-82 (Bankr. S.D.N.Y. 2014). The parties have also agreed that this Court can interpret and enforce its prior order approving the 2009 Agreement.

10. Subject to the other provisions of the 2016 Settlement Agreement, the Parties agree that New GM's interpretation of the 2009 Agreement, as it relates to the Threshold Issue, is correct. The proposed Approval Order explicitly makes that finding.

11. Pursuant to Section 1114(g) of the Bankruptcy Code, this Court can approve an amendment to the 2009 Agreement if the proposed amendment provides increased pre-65 retiree health care benefits. The 2016 Settlement Agreement does just that. The overall annual Cap for pre-65 retirees is increased under the 2016 Settlement Agreement commencing January 2017. The improved health care benefits will inure to the benefit of the pre-65 retirees. The Parties desire to implement those changes forthwith and seek prompt approval of the 2016 Settlement Agreement. The proposed Approval Order explicitly finds that the 2009 Agreement is being modified pursuant to Section 1114(g).

12. The Parties each benefit from a resolution of the Adversary Proceeding. Litigation expenses are curtailed and each side achieves the benefits of certainty of outcome for purposes of future business/personal financial planning. The Parties believe that the 2016 Settlement

4

Agreement represents a fair and reasonable compromise of the claims against New GM. Accordingly, the Parties respectfully request that the Court enter the Approval Order.

## NOTICE

15. New GM has provided notice of this Joint Motion to Plaintiffs and the other Splinter Unions that were parties to the 2009 Agreement. The Parties submit that such notice is sufficient and no other or further notice need be provided.

WHEREFORE, New GM respectfully request that the Court enter an order substantially in the form of the Approval Order attached hereto as **Exhibit "B,"** and grant New GM such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 22, 2016

Respectfully submitted,

By: ___/s/ Arthur Steinberg___
    Arthur Steinberg
    Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100

*Attorneys for Defendant*

By: ___/s/ Thomas M. Kennedy___
    Thomas M. Kennedy
KENNEDY, JENNIK & MURRAY PC
113 University Place
New York, New York 10003
Telephone: (212) 358-1500

*Attorneys for Plaintiffs*